IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK LAVECCHIA, et al. | : | CIVIL ACTION |
| v. | : | |
| CHRISTIAN C. FLEMING, et al. | : | NO. 22-390 |

MEMORANDUM

Bartle, J.                                                February 7, 2023

This is an action in which plaintiffs Patrick Lavecchia and his spouse Abigail Case sued defendants Christian C. Fleming and his spouse Ashley A. Fleming to rescind a real estate agreement in which plaintiffs had purchased defendants' residence. Plaintiffs claim that defendants had committed fraud. After a non-jury trial, this court entered judgment in favor of the defendants and against the plaintiffs.

Plaintiffs have now moved to amend and/or alter the judgement under Rule 59(e) of the Federal Rules of Civil Procedure. Such a motion is in essence a motion for reconsideration. To succeed on such a motion, the moving party must show: (1) an intervening change in the controlling law; (2) the availability of evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F. 3d. 669, 677 (3d Cir. 1999).

Plaintiffs do not argue a change in the law or newly discovered evidence. Instead, they assert that the court made a clear error of law.

To rescind a contract under Pennsylvania law, a party must establish: (1) the opposing party made a material misrepresentation, whether or not the opposing party was aware of the falsehood; (2) the party seeking rescission justifiably relied on the misrepresentation; and (3) the parties can be restored as nearly as possible to their original positions. See, e.g., La Course v. Kiesel, 77 A. 2d. 877, 879-80 (Pa. 1951); Keenheel v. Commonwealth, Pennsylvania Sec. Comm'n, 579 A. 2d. 1358, 1361 (Pa. Commw. Ct. 1990); Corom Healthcare Corp. v. Aetna U.S. Healthcare, Inc., 94 F. Supp. 2d. 589, 595-96 (E.D. Pa. 1999).

The court found that plaintiffs had met the first two requirements but not the third. As set forth more fully in the court's findings of fact, the plaintiffs had made significant improvements after learning of the material misrepresentations. Although they moved out of the house for a period of time, they returned with the intention to remain. Thereafter, they changed their minds after an incident with an electrical outlet that had nothing to do with any misrepresentation. It was only thereafter that they decided to sue for recission plus restitution for the improvements among other items. While

plaintiffs may have had a strong case for damages, they elected not to pursue this remedy.

The court reiterates what it wrote in its Memorandum containing its findings of fact and conclusions of law:

> The court certainly does not condone the material misrepresentations of the defendants, and plaintiffs may well have been entitled to damages for defendants' wrongdoing.  Instead, plaintiffs elected to pursue rescission.  Yet they opted to upgrade the house rather than try to maintain the status quo pending the outcome of a lawsuit.  Fully aware of the defendants' material misrepresentations, they made significant improvements and remediation to the property, moved back into the house with the intent to remain, and only thereafter changed their minds and vacated the property for a reason that is in addition to the defendants' misrepresentations.  Unfortunately for plaintiffs, these facts do not fit the requirements for the unmaking of their contract with the defendants and for restoring the parties to anything close to their original positions.

<u>Lavecchia v. Fleming</u>, No. CV 22-390, 2023 WL 144120, at *7 (E.D. Pa. Jan. 9, 2023).

Rescission is an equitable remedy.  It is available only when it is possible to restore the status quo ante.  Sometimes, it is simply not possible to turn back the clock, and the party who is subject of the fraud is left to an action for damages.  Here the plaintiffs, having full knowledge of the fraud, did not promptly seek rescission.  Instead, they decided

to improve the property and actually moved back in.  Only then did they seek to return the improved property to the defendants, recoup the $1,003,000 purchase price, and receive $126,000 for the improvements and other items in restitution.  These circumstances do not support an equitable ruling in favor of plaintiffs.

The court did not make a clear error of law or fact.  There is no manifest injustice.  Accordingly, the motion of plaintiffs to amend or alter the judgement will be denied.[1]

---

1.  Plaintiffs cite a number of Florida state court decisions.  They are neither controlling nor persuasive.